IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHUKWUKA GABRIEL ONYEKABA,

    Petitioner,

v.

TRACY JOHNS, and PHILLIP CHILDS,

    Respondents.

CIVIL ACTION NO.: 5:16-cv-5

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Petitioner's claims against Respondents and **DENY** Petitioner leave to appeal *in forma pauperis*. Additionally, the Clerk of the Court is **DIRECTED** to amend the docket of this case in the manner laid out below.

## BACKGROUND

On July 27, 2015, Petitioner, proceeding *pro se* and incarcerated at the Steward Detention Center in Lumpkin, Georgia, filed a Complaint in the Northern District of Georgia. (Doc. 1.) With his Complaint, Petitioner filed a Motion to Proceed *in forma pauperis*. (Doc. 2.) The Northern District of Georgia granted that Motion on November 9, 2015. (Doc. 6.) In that Order, the court ordered Petitioner to immediately inform the court in writing of any change in his address. (Id. at p. 3.) The Order emphasized that, should Petitioner fail to comply with this directive, his case would be dismissed. Id.

On January 13, 2016, the Northern District of Georgia issued an order transferring a portion of Petitioner's claims to this Court. (Doc. 11, pp. 5–6.) Specifically, the Northern

District transferred Petitioner's claims against Tracy Johns and Phillip Childs, officials with D. Ray James Correctional Facility in Folkston, Georgia. Id. That court construed those claims "as a 28 U.S.C. § 2241 federal habeas corpus challenge to his custody (before his transfer to his current facility) in the D. Ray James Correctional Facility in Folkston, Georgia, which is located in Charlton County, within the Southern District of Georgia, the Waycross Division." (Id. at p. 5.) The Northern District once again informed Petitioner of his obligation to apprise the court of his current address. (Id. at p. 12.)

On January 13, 2016, the Clerk of this Court attempted to serve Petitioner with a Notice regarding the transfer of the case. (Doc. 13.) However, that mailing was returned as undeliverable. (Doc. 14.) Petitioner has not notified this Court of his change of address or made any effort to inform the Court of his whereabouts. Indeed, Petitioner has not taken any action in this case since its transfer. However, in the Northern District of Georgia, Petitioner has updated his address to "Stewart Detention Center P.O. Box 248 146 CCA Road, Lumpkin, Georgia 31815." Notice of Change of Address, Chukwuka Gabriel Onyekaba v. Denise M. Frazier, 1:15-cv-02665 (N.D. Ga. Feb. 1, 2016), ECF No. 13. Accordingly, the Clerk of Court is **DIRECTED** to update Petitioner's address in this case to reflect this address and to serve this Report and Recommendation on Petitioner at that address. Additionally, in accordance with the Northern District of Georgia's order of transfer, the Court **DIRECTS** the Clerk to update the docket of this case to reflect that this is a Section 2241 Petition proceeding only against Respondents Tracy Johns and Phillip Childs.

## DISCUSSION

### I. Dismissal of Petitioner's Section 2241 Petition

Rule 4 of the Rules Governing Section 2254 Cases requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(b) of those Rules. Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4 Advisory Committee Notes.

Under 28 U.S.C. § 2241(a), habeas corpus petitions brought under Section 2241 must be filed (with limited exceptions that do not apply here) in the judicial district which can acquire jurisdiction *in personam* over the complaining inmate or the inmate's custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); see also Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). The Supreme Court has held that the jurisdictional restriction in Section 2241(a), while not the same as subject matter jurisdiction, is something more than personal jurisdiction or venue, imposing a statutory restriction on when a court can issue a writ of habeas corpus. Rumsfeld v. Padilla, 542 U.S. 426, 444 (2004) (noting that a

3

district court could not obtain jurisdiction over a habeas corpus respondent outside the court's jurisdiction by virtue of a long-arm statute).

Here, Petitioner is incarcerated at the Stewart Detention Center, which is located in the Northern District of Georgia. Thus, this Court does not have jurisdiction to entertain his Section 2241 petition because he is not incarcerated in this District. Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Accordingly, Petitioner's action is subject to dismissal under Rule 4 because this Court lacks jurisdiction to consider his claims.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action

is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Petitioner *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Petitioner.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA